IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Arbor Care Tree Experts, Inc., <br> *Plaintiff,* <br><br> v. <br><br> Arbor Care Tree Experts & <br> Outdoor Services, *et al.,* <br> *Defendants.* | Civil Action No.: ELH-10-1008 |

**MEMORANDUM**

Arbor Care Tree Experts, Inc. ("Arbor Care"), plaintiff, filed a seven-count complaint on April 22, 2010, against four defendants, alleging service mark and trademark infringement and related claims, including violation of the Lanham Act, 15 U.S.C. § 1125.[1] The defendants are Arbor Care Tree Experts & Outdoor Services ("ACTEOS"); Kristin Marie Schmitt and Michael James Schmitt ("the Schmitts"), who plaintiff alleges operate ACTEOS as a sole proprietorship, *see* Complaint ¶ 6 (ECF 1); and Dwayne Gardner, who plaintiff alleges "is the person in whose name the Licensed Tree Expert license for ACTEOS is registered with the Maryland Department of Natural Resources." *Id.* ¶ 9. Plaintiff avers that both Arbor Care and

---

[1] The seven counts are as follows: (1) Maryland statutory service mark infringement; (2) Maryland common law trademark infringement; (3) service mark infringement in violation of the Lanham Act; (4) false designation of origin in violation of the Lanham Act; (5) service mark dilution in violation of the Lanham Act; (6) tortious interference with economic relations; and (7) tortious interference with prospective advantage. *See* Complaint (ECF 1).

ACTEOS are Maryland businesses that provide "full tree service and landscaping." *Id.* ¶ 10; *see also id.* ¶ 18.

On September 27, 2010, plaintiff filed an amended complaint (ECF 16), adding an additional count for declaratory judgment as to whether the Schmitts' alleged liability in this action is dischargeable in a bankruptcy proceeding that has been filed by them in the United States Bankruptcy Court for the District of Maryland (*In re Kristen Schmitt, et al.*, No. 10-11450). The bankruptcy action has been stayed pending resolution of this case (ECF 17, Ex. 1). The amended complaint contained no new or amended counts against Gardner.

According to affidavits filed by plaintiff, all four defendants were served with the original and amended complaints. ACTEOS and the Schmitts have answered (ECF 19), but Gardner has not filed any responsive pleadings. Accordingly, the Clerk entered a default against Gardner on October 29, 2010 (ECF 22).

Thereafter, plaintiff filed a "Request for Entry of Judgment by Default as to Defendant Dwayne Gardner" (ECF 28), which is now pending before this Court. There is no need for a hearing, as the matter can be decided on the basis of the papers. *See* Local Rule 105.6. For the reasons that follow, plaintiff's request will be DENIED, without prejudice, pending the conclusion of this action as to the remaining defendants.

The touchstone case regarding entry of default judgment against a single defendant in a multiple-defendant action is *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872). There, the Supreme Court held that, ordinarily, in order to avoid the risk of inconsistent judgments in a multi-defendant case, the proper course "is simply to enter a default" against the defaulting party, and to "proceed with the cause upon the answers of the other defendants." *Id.* at 554. *See also* 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2690, at 73 (3d ed. 1998) ("As a general rule . . . , when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."). *Accord United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967); *Carter v. Rosenberg*, Civ. No. AMD-04-759, 2005 WL 782923, at *4 (D. Md. Apr. 7, 2005).

To be sure, subsequent case law has recognized that *Frow*'s holding is limited to situations alleging "joint and/or several" liability, or at least "'closely related'" liability. *Hudson*, 374 F.2d at 944-45 (citation omitted). To illustrate, if "the nondefaulting defendant's defense is a personal one—infancy, for example—and would not be available to the defaulting defendant," the *Frow* rule would not apply. 10A WRIGHT, MILLER & KANE § 2690, at 76. *See Whelan v. Abell*, 953 F.2d 663, 674-75 (D.C. Cir. 1992) (*Frow* doctrine pertains "when liability is truly joint—that is, when

the theory of recovery requires that all defendants be found liable if any one of them is liable—and when the relief sought can only be effective if judgment is granted against all."); *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746-47 n.4 (2d Cir. 1976) ("[A]t most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of the others."), *cert. denied*, 434 U.S. 1014 (1978). *See generally Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582-83 (E.D. Va. 2000) (reviewing cases).

On the basis of the pleadings in this matter, however, this case appears to fall squarely within *Frow*'s purview. Here, plaintiff's amended complaint contains eight counts. Seven of those counts allege liability of all four defendants collectively, without distinction. As to those counts, the only allegations that concern Gardner individually are plaintiff's identification of Gardner as "the person in whose name the Licensed Tree Expert license for ACTEOS is registered with the Maryland Department of Natural Resources," and its assertion that "[w]ithout Mr. Gardner's licensure status, ACTEOS would not be able to operate." *See* Amended Complaint ¶ 9 (ECF 16). As noted, the eighth count, seeking declaratory judgment, does not concern Gardner at all. In sum, plaintiff does not assert any ground for Gardner's individual liability, separate from liability incurred through his relationship with ACTEOS. Moreover, the Answer filed by ACTEOS and the Schmitts is, in essence, a

blanket denial of plaintiff's claims, and asserts nineteen affirmative defenses, most of which plainly would apply equally to Gardner.

If the Court were to enter a default judgment against Gardner at this juncture, and the remaining defendants were later to prevail, the inconsistent outcomes that the *Frow* doctrine seeks to prevent would be realized. Accordingly, plaintiff's "Request for Entry of Judgment by Default as to Defendant Dwayne Gardner" is DENIED, without prejudice.

A separate Order consistent with the foregoing memorandum follows.

                                                                                  /s/
                                        Ellen Lipton Hollander
                                        United States District Judge

Date: January 21, 2011